John DOE, Richard Roe, and Samuel Poe, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**George PATAKI et al., Defendants.**

**No. 1:96–CV–1657 DC.**

United States District Court, S.D. New York.

July 18, 2006.

Thomas M. O'Brien, The Legal Aid Society Crim. Defense Div., New York City, for Plaintiffs.

Christine E. Morrison, Dennis C. Vacco, Attorney General of the State of NY, New York City, for Defendants.

### ORDER

CHIN, District Judge.

On April 12, 2006, I issued an opinion granting plaintiffs' motion to enforce the stipulation of settlement (the "Stipulation") entered in this case. I held that the amendments to the Sex Offender Registration Act (the "Act") signed into law in January 2006—extending the ten-year registration period to twenty years for level 1 offenders and life for level 2 offenders—could not be applied to individuals who were covered by the Stipulation. *Doe v. Pataki*, 427 F.Supp.2d 398 (S.D.N.Y.2006). I concluded that defendants were bound to their agreement, as embodied in the Stipulation, that level 1 and 2 class members would be subject to ten years of registration. As I wrote: "In the simplest terms, a contract is a contract." *Id.* at 400.

I issued an order dated April 25, 2006 (the "Order"), implementing my decision. At the same time, however, I added a provision staying the Order pending appeal. The effect of the stay was to require level 1 and 2 members of the class to remain on the registry pending appeal.

In granting the stay, I was seeking to maintain the status quo. Defendants had argued that absent a stay,

> literally thousands of convicted sex offenders who have victimized scores of children and other innocent New Yorkers will evade the enhanced registration requirement of the new law, not just during the pendency of the appeal, but permanently. Absent a stay, the Plaintiffs not only will be removed from the sex offender registration rolls, but will also be free to move anywhere in the state without re-registering. Should the State prevail on appeal, it will have no means of locating these individuals so that the Legislature's directives may be followed. They will be beyond the reach of the registration laws, posing risks to unsuspecting communities. The damage will be irreversible.

(Def. 4/21/06 Letter to Court at 3) (footnote omitted). While I did not accept defendants' hyperbole, I was persuaded that absent a stay, there was a risk that class members who were permitted to come off the registry would be difficult to locate for re-registration in the event of a reversal. I was persuaded that this risk outweighed the prejudice to class members caused by their being required to remain on the registry for the time necessary for an expedited appeal. Indeed, the Second Circuit has scheduled oral argument in the case for August 30, 2006.

In the meantime, however, the Legislature again amended the Act, and the Governor signed the new amendment into law on July 7, 2006 (the "New Amendment"). The New Amendment modifies the Act in two respects. First, it puts level 2 registrants on the Division of Criminal Justice's website, whereas previously they had not been listed on the website. Second, it subjects level 1 registrants to community notification provisions, when previously these provisions had not been applied to them.

Defendants seek to apply the New Amendment to the level 1 and 2 registrants covered by the Stipulation. They seek to do so even though the New Amendment would substantially increase the extent of public notification beyond what they were subject to under the Stipu-

lation, and even though the Court has ruled that public notification should have ended for these class members all together when the ten-year period expired (for most, in January 2006).

Plaintiffs now request a clarification or amendment of the Order, asking the Court to enjoin defendants from applying the New Amendment to level 1 and 2 class members.

The request is granted, for defendants' efforts to apply the New Amendment to level 1 and 2 class members go far beyond what the stay intended. Level 1 and 2 class members should no longer be subject to registration at all, for defendants agreed, as part of the Stipulation, to a ten-year period of registration. Consequently, they should no longer be subject to any notification. Yet, defendants are seeking to subject them to even greater public notification.

By applying the New Amendment to level 1 and 2 class members, defendants are seeking to take unfair advantage of the stay I issued. They are attempting not to maintain the status quo, but to disrupt it, for they are now subjecting level 1 and 2 class members to greater notification provisions than they had been subjected to under the Stipulation.

In opposing plaintiffs' request for a clarification or modification, defendants argue that the New Amendment modifies only the method of community notification and not the duration of registration, noting that this Court's decision addressed only the duration of registration. Defendants' argument, is disingenuous, for if the Court had not granted a stay, absent a stay from the Second Circuit, level 1 and 2 class members would no longer be subject to registration at all, much less to substantially increased public notification. The shallowness of defendants' argument is shown by their own words. When they requested a stay, defendants wrote:

A stay will not result in any new registration requirements for any of these individuals. It will simply extend the length of that registration for the few months that will likely pass before the Second Circuit issues a decision on appeal.

(Def. 4/21/06 Letter to Court at 5). Now defendants are seeking to do far more than "simply extend the length of . . . registration." They are seeking instead to apply the new, enhanced notification procedures to plaintiffs. Moreover, they are seeking to do so unilaterally, ignoring a consent decree that they agreed to, and indeed bargained for, and that has the force of law.

The stay contained in the Order is hereby modified to permit continued application of the Act to level 1 and 2 members of the class, pending appeal, only as the Act existed on April, 25, 2006; defendants are enjoined from applying any subsequent amendments to the Act, including the New Amendment, to level 1 and 2 members of the class during the pendency of the current appeal. Of course, defendants are free to apply the New Amendment to level 1 and 2 offenders who are *not* covered by the Stipulation.

SO ORDERED.